UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EUGENE DEVBROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:11cv108 |
| | ) | |
| STATE OF INDIANA, INDIANA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| MARK LEVENHAGEN, | ) | |
| SUPERINTENDENT OF WESTVILLE | ) | |
| CORRECTIONAL FACILITY, and | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, the Indiana Department of Correction and Mark Levenhagen, Superintendent of the Westville Correctional Facility ( "State Defendants"), on April 18, 2011. The plaintiff, Eugene Devbrow ("Devbrow"), filed his response on June 30, 2011, to which the State Defendants replied on July 5, 2011.

For the following reasons, the motion to dismiss will be granted.

Standard for Motion to Dismiss

The State Defendants have moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Devbrow's Complaint for failure to state a claim upon which relief can be granted. To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The 'short and plain statement' must be enough "to give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618

(7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and noting that the Supreme Court in Twombly, 550 U.S. at 562-63, retired the common formulation that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). "[T]he factual allegations in the complaint 'must be enough to raise a right to relief above the speculative level.'" Killingsworth, 507 F.3d at 618 (quoting Twombly, 550 U.S. at 555). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570) (other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

The Supreme Court has recognized in Twombly and Iqbal that conclusory allegations are not entitled to be assumed true. Ashcroft, 129 S. Ct. at 1951 (citing Twombly, 550 U.S. at 554-555). "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Id. (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007) (internal quotations omitted)). "In addition, a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." Pugh v. Tribune Co., 521 F.3d 686, 699 (7th Cir. 2008) (citing McCready v. eBay, Inc., 453 F.3d 882, 888 (7th Cir. 2006)).

Discussion

Devbrow filed his complaint on February 22, 2011 in the LaPorte Superior Court.[1] The case was removed to this court on March 11, 2010. The amended complaint alleges the following. Devbrow was an inmate at the Westville Correctional Facility in Laporte County, Indiana. On or about March 4, 2009, while he was an inmate in the facility, ceiling tiles fell from overhead and struck Devbrow, causing him injury and requiring medical treatment. Devbrow claims that the medical personnel at the Westville Correctional Facility and at Correctional Medical Services failed to provide adequate medical treatment or medication to Devbrow, further worsening his injuries. The complaint alleges that these acts and omissions were done while the defendants were acting under color of state law. The complaint further alleges that the State Defendants "acted with deliberate and callous indifference" towards Devbrow's injuries. Devbrow alleges that defendants Levenhagen and Correctional Medical Services knew of the failure to provide adequate treatment and "actively, maliciously and willfully acquiesced in and approved of this neglect" while acting under color of state law and "in the execution of deliberate official policy and custom of the Defendants State of Indiana and Indiana Department of Corrections." Devbrow alleges that his Eighth and Fourteenth Amendment rights have been violated and he brings this suit pursuant to 42 U.S.C. § 1983.

In support of their motion to dismiss, the State Defendants argue that they are entitled to sovereign immunity. When state officials are sued in their official capacity, the lawsuit is essentially a claim against the State itself. The State of Indiana is entitled to sovereign immunity

---

[1] This case was removed twice to this court, once by the State Defendants, and once by defendant Correctional Medical Services, Inc., as Civil No. 3:11cv95. The two removals were consolidated into one case on July 1, 2011.

from suit in federal court. <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 58 (1996); <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 102 (1984). The State Defendants argue that this immunity applies to them because they are state officials sued in their official capacity. Sovereign immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. <u>Id</u>. The Eleventh Amendment bars suits in federal court which are brought against a state, its agencies, or state officials acting in their official capacities. <u>Gossmeyer v. McDonald</u>, 128 F.3d 481, 487 (7th Cir. 1997) (citing <u>Pennhurst</u>, 465 U.S. at 100-02 (1984); <u>Scott v. O'Grady</u>, 975 F.2d 366, 369 (7th Cir. 1992)); <u>Garcia v. City of Chicago</u>, 24 F.3d 966, 968 (7th Cir. 1994)("The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacity.")

The State Defendants assert that Devbrow is attempting to raise claims against a state agency and a state official acting in his official capacity and that these claims run contrary to the Eleventh Amendment. In his response, Devbrow insists that in his Amended Complaint he specifically sued defendant Levenhagen in his individual capacity. <u>Hafer v. Melo</u>, 502 U.S. 21, 29-30 (1991) (individual capacity suits against state actors not barred by the Eleventh Amendment). While the Amended Complaint is far from clear on this point, the court will accept Devbrow's word that his intent is to sue Levenhagen in his individual capacity. However, as Devbrow has failed to allege facts tending to show that Levenhagen had any personal involvement in the acts or omissions that resulted in his injuries, his claim must be dismissed. Devbrow has alleged vague allegations that the defendants knew the ceiling was unsafe and that Levenhagen failed to properly ensure the maintenance of the Westville Correctional Facility, but

4

has not alleged any facts to support these conclusions. Thus, as "[i]ndividual liability under 42 U.S.C. Section 1983 can only be based on a finding that the defendant caused the deprivation at issue", Kelly v. Mun. Courts of Marion County, 97 F.3d 902, 909 (7th Cir. 1996), and Devbrow has failed to allege any facts tending to show that Levenhagen personally caused Devbrow to be harmed, the claim must be dismissed.[2]

Devbrow also attempts to fit his case within Monell by alleging that the violations of his civil rights were the result of "deliberate official policy and custom of the State Defendants". Monell v. New York City Dept. Of Soc. Servs. 436 U.S. 658, 694 (1978). Nevertheless, it is clear that Devbrow has failed to allege any facts to support his conclusory assertion that any of the defendants were acting pursuant to an "official policy or custom" which resulted in his injuries. Devbrow merely tacks on the phrase "in the execution of deliberate official policy and custom" to his allegations without citing to any supporting facts. This is clearly insufficient pleading. It is well-known that "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F3d 56, 61 (2nd Cir. 1998). Therefore, Devbrow's denial of medical treatment claim must be dismissed.

Although Devbrow's amended complaint seeks damages pursuant to Section 1983 for alleged lack of medical treatment, he also adds a negligence claim (for failure to keep the ceiling in repair and failing to provide him with adequate treatment for his injuries) which he asserts is also a violation of Section 1983. Further, Devbrow attempts to plead a failure to train claim.

---

[2] Notably, Devbrow's state tort claims also barred by the Indiana Tort Claims Act, I.C. 34-13-3-5, which provides immunity to government employees acting within the scope of their employment.

With respect to the negligence claims, it is clear that Devbrow has failed to meet the pleading standard. The Supreme Court has made clear that even "gross negligence" is insufficient to support either an Eighth Amendment or a Fourteenth Amendment claim. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1974). Rather, the standard to be applied is "deliberate indifference". Although Devbrow states in his Amended Complaint that the defendants "acted with deliberate and callous indifference" towards his injuries, Devbrow does not include any facts to support this robotic recitation. Thus, his negligence claims must be dismissed.

With respect to the failure to train claim, the court notes that Devbrow has failed to include any facts that would tend to show that the "defendant officers, administrators and medical personnel in this matter" were not properly trained. Although Devbrow includes the phrase that this alleged failure to train was "in the execution of a deliberate policy and custom" Devbrow again fails to support this allegation with any facts alleging similar incidents resulting from this alleged failure to train. Therefore, the failure to train claim, as asserted against the State Defendants, will be dismissed as well.

To the extent that Devbrow is attempting to file state tort claims, it must be noted that Devbrow has failed to comply with the Indiana Tort Claims Act.[3] Pursuant to this Act, a claim against a political subdivision is barred unless notice is filed with : (1) the governing body of that

---

[3] The State Defendants have also raised the defense that Devbrow has failed to show that he exhausted available administrative remedies before filing suit, which they argue is a bar to any state law claims Devbrow is presently attempting to pursue. It is impossible to rule on this point, however, due to limited facts as to whether Devbrow was still incarcerated when he filed suit and what administrative remedies, if any, were available to him. However, as the motion to dismiss is well-taken on other grounds this issue becomes irrelevant.

political subdivision and (2) the Indiana political subdivision risk management commission within one hundred eighty days after the loss occurs." Alexander v. City of South Bend, 256 F.Supp.2d 865, 873 (N.D. Ind. 2003). "A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." I.C. 34-13-3-13. Devbrow acknowledges in his Amended Complaint that he did not timely file his tort claims notice. Thus, he is precluded from asserting state tort claims against the State Defendants.

## Conclusion

On the basis of the foregoing, the State Defendants' (the Indiana Department of Corrections and Mark Levenhagen, Superintendent of Westville Correctional Facility, in his official and individual capacity) motion to dismiss [DE 7] is hereby GRANTED.

Entered: August 12, 2011.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court