UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EUGENE DEVBROW, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 3:11cv108 |
| STATE OF INDIANA, INDIANA DEPARTMENT OF CORRECTIONS, MARK LEVENHAGEN, SUPERINTENDENT OF WESTVILLE CORRECTIONAL FACILITY, and CORRECTIONAL MEDICAL SERVICES, INC., | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion for Relief From Judgment on Defendants' Motion to Dismiss", filed by the plaintiff, Eugene Devbrow ("Devbrow"), on January 18, 2012. The defendants responded to the motion on March 9, 2012. Devbrow has declined to file a reply. For the following reasons, Devbrow's motion will be denied.

Discussion

On August 12, 2011, this court entered an Order granting the defendants' motion to dismiss. One of the grounds for dismissal was that Devbrow had failed to comply with the Indiana Tort Claims Act. Devbrow had not filed notice of his claim within 180 days, as Devbrow acknowledged in his Amended Complaint. In his current motion, Devbrow states that he mistakenly cited the wrong section of the tort claim statute, and that his notice period was actually 270 days, making his claim timely. Devbrow claims that his mistake was "excusable neglect" under Rule 60(b)(1), and asks the court to relieve him from the judgment.

The defendants have objected to Devbrow's motion.  First, the defendants note that Devbrow made no attempts to challenge the Order until the current motion was filed, nearly six months after this case was dismissed.  The defendants assert that Devbrow's motion was not made within a reasonable time as contemplated by Rule 60(c)(1).  The defendants also point out that Devbrow has not explained why he did not discover his mistake earlier, and argue that he has failed to establish excusable neglect.

The defendants also point out that their motion to dismiss was granted on multiple grounds, and not simply for failure to timely file a proper tort claims notice.  Specifically, this court found that Devbrow had failed to state a claim upon which relief could be granted because (1) his claims were barred by the Eleventh Amendment; (2) he failed to allege facts showing the defendants personally caused him to be harmed; (3) defendants are protected by immunity for acts taken within the scope of their employment; (4) he failed to allege any facts showing the defendants acted pursuant to an official policy or custom; (5) he failed to include any facts supporting his negligence claim; and (6) he failed to present any facts that would tend to show the defendants' officers, administrators and medical personnel were not properly trained.

Thus, even if the court were to regard Devbrow's mistake as excusable neglect, Devbrow's Amended Complaint fails to advance any claims upon which relief could be granted. Accordingly, the motion for relief from judgment will be denied.

Conclusion

Based on the foregoing, Devbrow's motion for relief from judgment [DE35] is hereby DENIED.

Entered: May 4, 2012.

s/ William C. Lee
William C. Lee, Judge
United States District Court